DAVID NOBLE ROWAN et al., trustees et al.,

v.

FRANK L. YARNALL et al.

[Decided May 11th, 1914.]

A letter written by plaintiff in ejectment to the committee of a township and assessors, stating that the assessment of the land in controversy should be in the name of defendant's grantor, was a disclaimer by plaintiff of his own ownership.

On bill, &c. On motion for a new trial.

*Messrs. Collins & Corbin,* for the motion.

*Mr. John P. Lloyd, Mr. Frank P. McDermott* and *Mr. George S. Silzer, contra.*

LEWIS, V. C.

Under the "Act to compel the determination of claims to real estate in certain cases and to quiet title to the same," approved March 2d, 1870 (*Gen. Stat. p. 3486*), George W. Rowan filed a bill in this court on July 5th, 1906, claiming that he was in peaceable possession of the premises in question and that the defendants made some claim thereto, and prayed the court to determine the title thereto. This court adjudged that the complainant was in peaceable possession of the land involved —subdivisions 45, 46, 47 and 48, and the easterly two hundred and fifty feet of subdivision 49 on the map. (See the opinion of Vice-Chancellor Garrison in *79 N. J. Eq. 78.*) On motion in behalf of the defendants this court ordered an issue at law to be framed as in an action of ejectment, with the Cliffwood Brick Company, a purchaser *pendente lite,* as plaintiff, and the complainant as defendant. At the trial in the Middlesex circuit

of the supreme court, before the circuit judge and a jury, the complainant (under direction of the court) recovered a verdict for said two hundred and fifty feet of subdivision 49, and the Cliffwood Brick Company recovered a verdict for the other subdivisions. Complainant successfully moved for a new trial.

After the new trial was ordered, the complainant died on the 16th day of February, 1911, having executed a deed of conveyance, bearing date the 12th day of November, A. D. 1907, to David Noble Rowan (his father), George W. Rowan (himself) and Archibald H. Rowan, as trustees for George W. Rowan, Alice Rowan, Madge Rowan, Archibald H. Rowan and Jeanne L. Rowan, children of Margaret H. Rowan. After the death of George W. Rowan, the present complainants were substituted as his successors. A new issue was framed as in ejectment, with the Cliffwood Brick Company as plaintiff, and the new complainants as defendants. The new trial was had at the April term, 1913, of the Middlesex circuit, before the circuit judge and a jury. Following the opinion of Vice-Chancellor Garrison, heretofore referred to, the trial judge directed a verdict in favor of the complainant as to subdivisions 47 and 48, and submitted the case to the jury as to the other parcels. The jury found as to those parcels in favor of the Cliffwood Brick Company, and the complainants now move for a new trial on the following grounds:

*First.* Admission of illegal evidence over objection of the defendants in the issue.

*Second.* Exclusion of legal evidence offered in behalf of the defendants in the issue.

*Third.* Failure to direct a verdict as to the whole or a part of the premises in question, in favor of the defendants in the issue.

*Fourth.* Refusal to charge the jury as requested, in behalf of the defendants in the issue.

*Fifth.* Misdirection of the jury.

*Sixth.* Verdict against the clear weight of the evidence.

The facts are sufficiently stated in the opinion of Vice-Chancellor Garrison heretofore referred to.

Both parties claim under David Noble Rowan. Rowan and wife conveyed the farm, including subdivisions 45, 46, 47 and 48, to Thomas W. Moore on January 1st, 1875. Rowan claims, however, that this deed was never delivered to Moore and that it has always remained in his own possession, although he placed it on record in the county clerk's office.

On October 1st, 1875, Rowan and wife conveyed, also, the easterly two hundred and fifty feet of subdivision 49 to Thomas W. Moore, taking back two mortgages, the first for three thousand four hundred and thirty dollars ($3,430), and the second for a like sum. This deed, also, Rowan claims was never delivered.

Thomas W. Moore, in the year 1876, assumed to convey, with other property, subdivisions 45, 46, 47 and 48, and the two hundred and fifty feet from the easterly side of subdivision 49, to his son, Elric L. Moore.

In 1881, Elric L. Moore conveyed to Margaret H. Rowan, wife of David Noble Rowan, the property conveyed to him, omitting the two hundred and fifty feet of subdivision 49, and excepting subdivisions 45 and 46.

Elric L. Moore gave a deed to Frank L. Yarnall on February 1st, 1905. Vice-Chancellor Garrison found that the description in this deed was too indefinite to convey anything, but he held that, because Elric L. Moore joined in a deed that was given *pendente lite* by Yarnall to the Cliffwood Brick Company, that company could sustain its claim of paper title to those subdivisions, although acquired *pendente lite*. The same consideration impelled him to declare a paper title in the Cliffwood Brick Company to the two hundred and fifty feet of subdivision 49, which was included in the deed so given *pendente lite,* and which, because acquired *pendente lite,* the circuit judge had at the first trial disregarded.

To summarize briefly: the evidence shows conclusively that the paper title to subdivisions 45, 46 and 49 is in the Cliffwood Brick Company, and the paper title to subdivisions 47 and 48 is in the Rowans.

The complainants allege that neither Thomas W. Moore nor his son, Elric L. Moore, ever had or took possession or occupied any part of the lands, and say that Rowan and his tenants or

grantees, other than Moore, or either of them, were never out of possession of said lands, or any part thereof, in controversy.

The complainants claim title because, they allege, the deeds purporting to convey the subdivisions in controversy, were never delivered; they also claim title because of adverse possession for more than twenty years; and with regard to the two hundred and fifty feet of subdivision 49, at least, as to which the complainants make the same claim, they also claim as mortgagees in possession.

In order to simplify matters, the court below submitted the following questions to the jury, and to which they were to reply merely "Yes" or "No":

*First*: (as to lot number 49) Are the defendants mortgagees in possession? The answer of the jury to that was "No."

*Second*: (as to lots numbers 45 and 46) Was the deed from Thomas W. Moore and wife to Elric L. Moore, dated February 17th, 1876, ever delivered? The answer of the jury to that question was "Yes."

*Third*: Have the defendants proved title by adverse possession to lots 45, 46 and 49? The answer to that question by the jury was "No."

On October 31st, 1888, David Noble Rowan wrote to the committee of the township of Madison, New Jersey, and assessors on the subject of the proper assessment of certain properties, among them being subdivisions 45 and 46, as to which he said that the assessment should be in the name of E. Moore. This is a disclaimer of his own ownership. This certainly does not agree with his present contention.

In regard to lots 45 and 46, the only question involved on both trials was adverse possession. Adverse possession as to lot 49 was also involved in the last trial. The testimony adduced to prove adverse possession applied to all three lots, and the verdict of the jury on the question of adverse possession was found against the complainants.

The claim of adverse possession depends entirely upon the testimony of the elder Rowan, a lawyer by profession, and apparently a man of considerable ability. However, two juries have refused to believe him.

In regard to the portion of lot 49, I am not satisfied by the evidence that David Noble Rowan was ever in possession of it as mortgagee. He says on page 298 of the testimony, that he held a mortgage and never went out of possession.

The motion for a new trial will, therefore, be denied.